902 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PACIFIC COAST MOLYBDENUM COMPANY, Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1535.
 United States Court of Appeals, Federal Circuit.
 April 5, 1990.
 
 Before RICH and MAYER, Circuit Judges, and PETER BEER, District Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Board of Contract Appeals, United States Department of Agriculture, 89-2 B.C.A. (CCH) p 21,755 (1989), denying Pacific Coast Molybdenum Co.'s attempt to reform a timber settlement contract is affirmed.
 
 OPINION
 
 2
 Pacific Coast Molybdenum (PCM) is dissatisfied with the price term of its timber settlement agreement with the government but has not shown that it is entitled to reformation of the contract. The terms of the contract are not at variance with any antecedent expression of the parties' intent, and the contract is not based on any contemporaneous mutual mistake of fact. Nor does the contract violate any regulation enacted for the benefit of purchasers of National Forest timber.
 
 
 3
 Neither paragraph E of exhibit I of the special use permit nor any regulation referenced by it is inconsistent with the inclusion of timber property values in the price term of the timber settlement agreement. PCM's argument that the special use permit requires an appraisal and sale of standing timber is simply wrong. Paragraph E merely states that "the Forest Service will cruise the timber," and "[a]n unadvertised lump sum sale for this timber volume is proposed under regulation 36 C.F.R. 223.1(h)." This language says nothing about whether the sale price would include timber property values.
 
 
 4
 Section 223.1(h) (now 36 C.F.R. Sec. 223.12 (1988)) authorizes the Forest Service to grant permission to cut trees when necessary to access a right-of-way and requires "[p]ayment for timber of merchantable size and quality ... at its appraised value...." Neither this provision nor 36 C.F.R. Sec. 223.60 (1988) (determining fair market value) prohibits the Forest Service from charging the owner of a right-of-way for the cost of falling, bucking, skidding, loading, depreciation and hauling the timber cut from the right-of-way.
 
 
 5
 There was no evidence showing the Forest Service intended a sale of standing timber at a rate that excluded timber property values. In fact, antecedent writings indicate that the Forest Service intended a sale of decked logs. Under section 3 of the special use permit and section 24 of the road standards, PCM was required to deck the timber along the road. Also, section 2464.2 of the Forest Service Manual provides that no cost shall be allowed for the construction of roads or other improvements necessary to gain access to a right-of-way. These provisions reflect the Forest Service's intent to include timber property values in the contract price rather than have the public bear the cost of removing the timber, which PCM did for its own benefit.
 
 
 6
 PCM has shown no mutual mistake in reducing the timber settlement agreement to writing. The timber settlement report and appraisal that was given to PCM several days before it signed the contract clearly apprised it that timber property values would be added to net stumpage values. Accordingly, both parties knew before signing that the contract called for a sale of decked logs.
 
 
 7
 The timber settlement contract did not violate any regulation by failing to consider the prices paid for timber cut for the Swan Lake Hydroelectric Project or by the Ketchikan Pulp Co. (KPC) or the Alaska Pulp Corp. (APC). PCM presented no evidence that the Swan Lake project involved comparable timber and cannot now be heard to argue that the sales are comparable. See Lizut v. Department of the Army, 717 F.2d 1391, 1396 (Fed.Cir.1983). The board was free to rely on the material differences between the terms and circumstances of the 50 year timber contracts with KPC and APC and the timber settlement agreement at issue here. Because of these differences in the terms of sale, such as the volume of timber and the risks undertaken under long-term contracts, the appraiser was justified in not considering sales to KPC and APC. Also, the appraiser was not required to make adjustments to account for differences in quality and grade of timber being sold.
 
 
 8
 The board did say that there was a mutual mistake about whether the rates specified in the timber settlement contract could be appealed under 36 C.F.R. Sec. 211.18 (1988). But this would not support reformation of the price of the contract because there was no showing of mistake about that term. Finally, we agree with the board that the timber settlement report and appraisal adequately set forth the reasons for the appraiser's actions and that a remand for further explanation is unnecessary.
 
 
 
 *
 Peter Beer, District Judge, United States District Court for the Eastern District of Louisiana, sitting by designation